IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MAKIA MONTGOMERY**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **3:10-CV-0141-L** |
| v. | § | |
| | § | |
| **MED ASSETS**, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss or, in the Alternative, Motion for a More Definitive Statement, filed April 9, 2010. After careful consideration of the motion, record and applicable law, the court **denies without prejudice** Defendant's Motion to Dismiss, and **denies as moot** Defendant's Motion for a More Definite Statement.

**I.     Factual and Procedural Background**

Plaintiff Makia Montgomery ("Plaintiff" or "Montgomery"), proceeding *pro se*, filed suit on January 27, 2010, against Defendant Med Assets ("Defendant" or "Med Assets"). The Complaint asserts claims of sex and race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. The Complaint comprises a completed Equal Employment Opportunity Commission ("EEOC") questionnaire and attachments that were appended to a form complaint listing only the parties and Plaintiff's address, phone number, and signature. On April 9, 2010, Med Assets moved to dismiss Plaintiff's Complaint. Plaintiff did not respond to Defendant's motion.

## II. Legal Standards

### A. Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the

complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but is so vague or ambiguous that the party cannot reasonably prepare a response." In ruling on such a motion, the court must determine whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (quotation and

**Memorandum Opinion and Order - Page 3**

citation omitted). The court should also look to the standards of Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(2)-(3).

## III.   Discussion

In its motion, Med Assets argues that Montgomery fails to plead sufficient facts to support a claim for relief because she does not state a *prima facie* case of discrimination. Defendant argues that none of the remarks allegedly made by Med Assets officials specifically addresses Montgomery's race or sex. Med Assets also argues that Montgomery's actions are time barred because she failed to file her complaint within ninety days of the date of the EEOC's Notice of Right to Sue. Plaintiff did not file a response to Defendant's motion. The court now considers Defendant's arguments in light of the applicable law.

### A.   Timeliness

Upon receipt of a right-to-sue letter from the EEOC, a plaintiff has ninety days to timely file a lawsuit. 42 U.S.C. § 2000e-5(f)(1); *Ringgold v. National Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986). Defendant contends Plaintiff's suit is barred because she filed it on January 27, 2010, ninety-one days after the date on her EEOC letter.

There is nothing before the court that sets forth when Plaintiff received the EEOC notice. When the date of receipt is unknown, this circuit has adopted the "presumption of receipt" rule that ranges "from three to seven days after the [notice] was mailed." *Taylor v. Books A Million*, 296 F.3d 376, 379-80 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003). In *Taylor*, the court allowed seven days under "the presumption of receipt" doctrine. *Id.* at 380. In *Martin v. Alamo Community*

*College District*, 353 F.3d 409, 411 (5th Cir. 2003), the court presumed that the plaintiff received his right-to-sue notice three days after it was mailed.

The EEOC issued its notice on October 28, 2009. If Plaintiff actually received the notice on this date, she would have had to file her lawsuit on January 26, 2010, the date the ninety-day period expired. A filing on January 27, 2010, would have been one day late, and her case would have to be dismissed; however, the record does not establish when Plaintiff received the EEOC notice, and the "presumption of receipt" doctrine applies. Applying the minimum number of days allowed under the "presumption of receipt" doctrine extends the ninety-day period by three days to January 29, 2010. Accordingly, Plaintiff's Complaint, which was filed on January 27, 2010, is timely, and Defendant is not entitled to dismissal on this ground.

### B.    Sufficiency of Claim

The court next considers Defendant's argument that Plaintiff has failed to state a claim under Title VII upon which relief can be granted. Specifically, Defendant argues that Plaintiff has failed to allege the four factors required to state a *prima facie* case of discrimination pursuant to Title VII:

> 1) [Plaintiff] is a member of a protected class, 2) [plaintiff] was qualified for the position at issue, 3) [plaintiff] was the subject of an adverse employment action , and  4) [plaintiff] was treated less favorably because of h[er] membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

Def.'s Mot. to Dismiss 6-7 (quoting *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009)). It therefore contends that dismissal pursuant to Rule 12(b)(6) is warranted.

In *Swierkiewicz v. Sorema,* 534 U.S. 506 (2002), the Court rejected the same argument. "The prima facie case under *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792 (1973)], however, is an evidentiary standard, not a pleading requirement." *Id.* at 510. In that case, the Court found that the

**Memorandum Opinion and Order - Page 5**

plaintiff satisfied Rule 8(a) and gave the defendant "fair notice of the basis for [his] claims." *Id.* at 514.  He alleged termination based on his protected status in violation of Title VII, included details about the events leading up to his termination, and provided relevant dates and the status of persons involved with his termination.  *Id.*

While the pleading standard does not require Plaintiff to allege facts to establish the four elements of a *prima facie* case, she must set forth sufficient allegations from which one can infer that she would be entitled to relief.  It is not enough for Plaintiff to suspect that she is a victim of sex and racial discrimination.  She must allege specific instances in which she was treated differently because of her sex or race.

In her Complaint, Plaintiff points to a few statements made by coworkers and a supervisor that, on their face, do not relate to Plaintiff's race or sex.  By themselves, they are insufficient to raise an inference of either race or sex discrimination.  Montgomery alleges that a coworker stated: "We should just cut her head off!"  This statement, standing alone, does not relate to Montgomery's race or sex or raise an inference of discrimination on either basis.  Similarly, Montgomery contends that her supervisor made a sexual comment to her, stating that she was "probably chewy like caramel" after complimenting her skin tone.  This statement also does not necessarily relate to Montgomery's race or sex or raise an inference of discrimination on either basis.

These two statements are the bases of Plaintiff's race and sex discrimination claims, and the court determines that they fail to meet the *Swierkiewicz* standard because they are not enough to set forth the basis upon which one could at least infer that she is entitled to relief.  Although Plaintiff's Complaint as pleaded does not state a claim for which relief can be granted, this is not the end of the inquiry in this case.

Even though Montgomery has not sought leave to amend her complaint, the court should freely give a plaintiff, especially one who is *pro se*, leave to amend defective allegations in a pleading. *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1991) (citing *Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991)). Thus, the appropriate step before granting a motion based on nonconforming or deficient pleadings is to grant the complainant time to amend the complaint. *McClellon*, 66 F.3d at 103. The decision to allow amendments of the pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.*, 12 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the court considers the following: undue prejudice to the opposing parties, timeliness of the amendment and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1163 (5th Cir. 1982).

The court will grant Plaintiff the opportunity to amend her Complaint. In amending, Plaintiff must set forth facts and allegations in sufficient detail that support her Title VII claims, including specific facts and instances of discrimination on the basis of her race or sex. Pursuant to *Swierkiewicz*, Plaintiff should provide details about the events leading up to her termination, relevant dates, and the sex or race of persons involved with her termination. If she relies upon the same statements, she must provide additional context or facts to show how those statements relate to her race or sex and how the court could infer that her termination was because of her race or sex. Plaintiff's speculative belief that she was discriminated against, alone, is insufficient to state a claim for relief under Title VII. Accordingly, the court will deny Defendant's Motion to Dismiss without prejudice and allow Plaintiff an opportunity to replead her Complaint. In light of the court requiring

Plaintiff to file an amended complaint, Defendant's Motion for a More Definite Statement is moot and will be denied.

**IV.   Conclusion**

For the reasons stated herein, the court **denies without prejudice** Defendant's Motion to Dismiss, and **denies as moot** Defendant's Motion for a More Definite Statement. Plaintiff shall file, consistent with the court's instructions, an amended complaint no later than **July 20, 2010.** Plaintiff's failure to file an amended pleading as directed by July 20, 2010, will result in the dismissal of Plaintiff's Complaint pursuant to Rule 41(b) or 12(b)(6) of the Federal Rules of Civil Procedure.

**It is so ordered** this 22nd day of June, 2010**.**

*[signature]*

**Sam A. Lindsay**
**United States District Judge**